■ HOLLIE B. DUNN, Appellant, v CITY OF SYRACUSE et al., Respondents. — Order unanimously modified and, as modified, affirmed, with costs to appellant, in accordance with the following memorandum: Plaintiff appeals from an order dismissing 9 of her 19 causes of action against defendants City of Syracuse and First Trust and Deposit Company. Eight of the nine causes of action were dismissed on the ground that they sought recovery on a theory of negligence whereas plaintiff's recovery, if any, must be determined by the rules governing the torts of false arrest and malicious prosecution, which permit damages only under certain circumstances (Boose v City of Rochester, 71 AD2d 59, 62). Where an attack is made on the pleadings without the submission of extrinsic evidence, the court is limited to considering whether each cause of action, on its face, presents a claim on which plaintiff can recover. The truth of the factual allegations is not in question, the pleadings must be liberally construed, and the separate claims must be given every favorable inference which can reasonably be drawn from the allegations therein (219 Broadway Corp. v Alexander's, Inc., 46 NY2d 506, 509; Guggenheimer v Ginzburg, 43 NY2d 268, 275; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.36). The seventh and eighth causes of action should not have been dismissed. They accuse the city, through its employee, of wrongfully accusing plaintiff of a crime in order to conceal its own negligence, as a result of which she was arrested, indicted and caused to suffer humiliation and economic injury. One who wrongfully accuses another of criminal conduct and induces or procures that person's arrest may be liable for false arrest (Grinnell v Weston, 95 App Div 454; Jensen v Barnett, 178 Neb 429). Nor should plaintiff's causes of action numbered thirteenth and fourteenth have been dismissed. They allege that a teller for First Trust breached a duty to plaintiff in that she failed to follow procedures established for cashing checks and that such negligence resulted in a check being cashed on a forged signature alleged to be plaintiff's, as a result of which plaintiff was wrongfully accused of a crime. Those allegations state a claim for negligence and are not precluded by the ruling in Boose v City of Rochester (supra). Whether such negligence was the proximate cause of injury to plaintiff must await proof at trial. The nineteenth cause of action seeks recovery against First Trust of an amount improperly paid on the allegedly forged instrument. Inasmuch as the complaint states that plaintiff received a replacement check, she is not entitled to recovery. We have reviewed the other arguments of plaintiff and find them to be without merit. (Appeal from order of Onondaga Supreme Court, McLaughlin, J. — dismiss causes of action.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.