■ ANTHONY D'ELIA, Respondent, v 58-35 UTOPIA PARKWAY CORP. et al., Defendants, and PAUL ALICANTI et al., Appellants. (Action No. 1.) GLEN LESLIE, Respondent, v 58-35 UTOPIA PARKWAY CORP. et al., Defendants, and PAUL ALICANTI et al., Appellants. (Action No. 2.) [843 NYS2d 339]—

In two related actions, inter alia, to recover damages for assault, battery, and false arrest, which were jointly tried, the de-

fendant Victor Alicanti appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Elliot, J.), entered September 19, 2005, in action No. 1, as, upon a decision of the same court dated January 28, 2005, made after a nonjury trial, is in favor of the plaintiff Anthony D'Elia and against him in the principal sum of $350,000, (2) from an order of the same court dated December 6, 2005, which, among other things, denied that branch of his motion which was to stay enforcement of the judgment in action No. 1, (3), as limited by his brief, from so much of a judgment of the same court entered September 19, 2005, in action No. 2, as, upon the decision dated January 28, 2005, is in favor of the plaintiff Glen Leslie and against him in the principal sum of $25,000, including $15,000 for punitive damages, and (4) from an order of the same court dated December 6, 2005, which, inter alia, denied that branch of his motion which was to stay enforcement of the judgment in action No. 2, and the defendants Paul Alicanti and Richard Alicanti separately appeal (1), as limited by their brief, from so much of the judgment in action No. 1 entered September 19, 2005, as, upon the decision dated January 28, 2005, is in favor of the plaintiff Anthony D'Elia and against them in the principal sum of $350,000, (2) from an order of the same court dated December 6, 2005, which, inter alia, denied that branch of their motion which was to stay enforcement of the judgment in action No. 1, (3), as limited by their brief, from so much of the judgment in action No. 2 as, upon the decision dated January 28, 2005, is in favor of the plaintiff Glen Leslie and against the defendant Paul Alicanti in the principal sum of $25,000, including $15,000 in punitive damages, and against the defendant Richard Alicanti in the principal sum of $25,000, including $15,000 in punitive damages, and (4) from an order of the same court dated December 6, 2005, which, inter alia, denied that branch of their motion which was to stay enforcement of the judgment in action No. 2.

Ordered that the appeals from the orders are dismissed as abandoned; and it is further,

Ordered that the judgments are affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents payable by the appellants appearing separately and filing separate briefs.

In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester*

*Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of Fasano v State of New York*, 113 AD2d 885, 887-888 [1985]). We decline to disturb the Supreme Court's determination that the defendants Paul Alicanti, Richard Alicanti, and Victor Alicanti are liable to the plaintiff in action No. 1, Anthony D'Elia, on the causes of action to recover damages for assault and battery asserted by D'Elia against them.

There is no merit to the contentions of the defendants Richard Alicanti and Victor Alicanti that the Supreme Court erred in holding each of them liable to D'Elia for his injuries in their entirety because no evidence was adduced at trial that either of those defendants struck the blows that caused D'Elia's most significant injury, the injury to his right eye. The theory of concerted action liability "rests upon the principle that 'all those, who in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts, for their benefit, are equally liable with him' " (*Bichler v Eli Lilly & Co.*, 55 NY2d 571, 580-581 [1982], quoting Prosser, Torts § 46, at 292 [4th ed]; *Vanacore v Teigue*, 243 AD2d 706 [1997]; *Shea v Kelly*, 121 AD2d 620, 621 [1986]). D'Elia established, by a preponderance of the credible evidence, that when Victor Alicanti and Richard Alicanti, along with Paul Alicanti, attacked him, they acted in concert in furtherance of a common plan.

The damages awarded to D'Elia do not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Brownrigg v New York City Hous. Auth.*, 29 AD3d 721 [2006]; *Davis v Nassau Ophthalmic Servs.*, 232 AD2d 358 [1996]; *Koller v Manhattan Eye, Ear & Throat Hosp.*, 168 AD2d 671 [1990]).

There is no merit to the contentions of Victor Alicanti and Richard Alicanti that the plaintiff in action No. 2, Glen Leslie, failed to establish a prima facie case against them to recover damages for false arrest. Although liability may not be premised on merely furnishing information to law enforcement authorities (*see Levy v Grandone*, 14 AD3d 660, 661 [2005]; *Mesiti v Wegman*, 307 AD2d 339, 340 [2003]), "[o]ne who wrongfully accuses another of criminal conduct and induces or procures that person's arrest may be liable for false arrest" (*Dunn v City of Syracuse*, 83 AD2d 783, 783 [1981]; *Vernes v Phillips*, 266 NY 298 [1935]). Leslie established, by a preponderance of the credible evidence, that he was arrested by police officers based on false allegations made against him by the Alicanti defendants.

"Punitive damages are not to compensate the injured party

but rather to punish the tortfeasor and to deter a wrongdoer and others similarly situated from indulging in the same conduct in the future" (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478 [2007]; *see Walker v Sheldon*, 10 NY2d 401, 404 [1961]; *Krohn v New York City Police Dept.*, 2 NY3d 329, 335 [2004]; *Buckholz v Maple Garden Apts., LLC*, 38 AD3d 584, 585 [2007]; *Fernandez v Suffolk County Water Auth.*, 276 AD2d 466, 467 [2000]). Contrary to the contentions of Victor Alicanti and Richard Alicanti, the record supports the Supreme Court's determination that their conduct warranted the imposition of punitive damages against them with respect to the causes of action to recover damages for false arrest asserted by Leslie. Moreover, contrary to Victor Alicanti's contention, the amount awarded in punitive damages was not excessive since it "bear[s] some reasonable relationship to the harm done and the flagrancy of the conduct causing it" (*Suffolk Sports Ctr. v Belli Constr. Corp.*, 241 AD2d 546, 547 [1997], quoting *Rupert v Sellers*, 48 AD2d 265, 269 [1975]).

Paul Alicanti's contention that the Supreme Court erred in dismissing his action against D'Elia, which was tried jointly with action Nos. 1 and 2, is not properly before this Court, as no appeal was taken from the judgment in that action. Spolzino, J.P., Santucci, Florio and Angiolillo, JJ., concur.