Oslyn Lyttle, Respondent,
against
Scott Village Homeowners Association, Inc., Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Noach Dear, J.), entered September 8, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $8,908.57.




ORDERED that the judgment is modified by reducing the amount of the award to the principal sum of $8,768.30; as so modified, the judgment is affirmed, without costs.
Plaintiff commenced this action to recover the sum of $3,500, for property damage to her kitchen, and the sum of $5,408.57, representing the cost of her stay in a hotel due to the loss of the use of her residence caused by a mold condition in her kitchen, for a total sum sought of $8,908.57. After a nonjury trial, the Civil Court awarded plaintiff the principal sum of $8,908.57. On appeal, defendant contends that plaintiff failed to prove that certain items in the kitchen had been damaged and that the sum awarded to plaintiff was excessive.
In reviewing a determination made after a nonjury trial, this court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]; D'Elia v 58-35 Utopia Parkway Corp., 43 AD3d 976, 977-978 [2007]). Upon a review of the record, we find no basis to disturb so much of the court's award as was for the sum of $3,500 for property damage to plaintiff's kitchen. With respect to the court's award to plaintiff of the sum of $5,408.57, allegedly representing the cost of plaintiff's stay at a hotel while her kitchen was being renovated due to a broken water pipe and a mold condition, the record establishes that the actual hotel bill was in the sum $5,268.30. Accordingly, the judgment is modified by reducing the amount of the award to the principal sum of $8,768.30.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 28, 2016