■ BRIAN DeMARZO, Respondent, v CHRISTINA DeMARZO, Appellant. [52 NYS3d 879]—In an action, inter alia, to recover damages for malicious prosecution and false arrest, the defendant appeals from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated January 21, 2016, as denied those branches of her motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for malicious prosecution and false arrest.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Where, as here, evidentiary materials are considered in support of a motion pursuant to CPLR 3211 (a) (7) and the motion is not converted into one for summary judgment, "the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832 [2014]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793 [2015]).

Here, the evidentiary materials submitted by the defendant, considered along with the additional evidentiary materials tendered by the plaintiff, failed to establish that the plaintiff has no cause of action to recover damages for malicious prosecution or false arrest (*see Matthaus v Hadjedj*, 148 AD3d 425 [2017]; *Bellissimo v Mitchell*, 122 AD3d 560, 561-562 [2014]). Contrary to the defendant's contention, the circumstances surrounding the dismissal of the underlying criminal action against the plaintiff were not inconsistent with the plaintiff's innocence (*see Cantalino v Danner*, 96 NY2d 391, 395 [2001]; *Smith-Hunter v Harvey*, 95 NY2d 191, 196-197 [2000]). Moreover, the evidentiary materials in the record, viewed in the light most favorable to the plaintiff, support the view that the defendant affirmatively induced law enforcement officers to act by intentionally providing them with false evidence that the defendant knew, or should have known, would result in the plaintiff's arrest (*see De Lourdes Torres v Jones*, 26 NY3d 742, 760-761 [2016]; *Harrison v Samaritan Med. Ctr.*, 128 AD3d 1469, 1470-1471 [2015]; *Robles v City of New York*, 104 AD3d 829, 830 [2013]; *Brown v Nassau County*, 306 AD2d 303 [2003]).

The defendant's remaining contentions are without merit.

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action to recover damages for malicious prosecution and false arrest. Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.