Janna Primova, Respondent,
Alexander Diamond McShur, Appellant.
Alexander Diamond McShur, appellant pro se.
Ted Somos, Esq., for respondent (no brief filed).
Consolidated
 appeal from (1) a decision of the Civil Court of the City of New York, Kings County (Cheryl J. Gonzales, J.), dated July 13, 2016, deemed from a final judgment of that court entered July 15, 2016 (see CPLR 5512 [a]), and (2) an order of that court entered November 4, 2016. The final judgment, after a nonjury trial, awarded landlord possession and the sum of $27,600, and dismissed tenant's counterclaim, in a nonpayment summary proceeding. The order denied a motion by tenant to set aside the final judgment.




ORDERED that the final judgment and order are affirmed, without costs.
In this nonpayment proceeding, landlord seeks to recover possession of the premises, and rent owed from August 2014 through July 2016 at the rate of $1,150 per month. Tenant counterclaimed for $69,000, for rent allegedly paid in advance and for harassment. At a nonjury trial, tenant testified that, in addition to having executed a lease agreement which provided for a monthly rent of $1,150, which is not disputed, he and landlord's husband, Mark Sefiner (now deceased), had executed an agreement which provided that tenant would not have to pay any rent through September 1, 2017 in return for a loan tenant had allegedly made to Sefiner. Tenant also claimed that landlord is not the owner of the shares to the subject co-op apartment. After trial, the Civil Court awarded landlord possession and $27,600, representing arrears from August 2014 through July 2016, and dismissed tenant's counterclaim. The court found that landlord had established her prima facie case through documentary evidence and through her own testimony and that of a witness, which tenant had failed to adequately rebut, and that tenant had failed to prove his counterclaim.
Thereafter, tenant moved to set aside the final judgment, raising the same contentions that he had raised at trial, and landlord opposed. By order entered November 4, 2016, the Civil Court denied tenant's motion, finding that tenant had presented "no basis for vacatur of the judgment."
In reviewing a determination made after a nonjury trial, this court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of [*2]the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]; D'Elia v 58-35 Utopia Parkway Corp., 43 AD3d 976, 977-978 [2007]). Upon a review of the record, we find that the Civil Court properly concluded that landlord had produced sufficient evidence to prove her entitlement to a final judgment of possession and rental arrears in the sum of $27,600 by a preponderance of the evidence and that tenant had failed to establish his counterclaim. In addition, the court properly denied tenant's motion to set aside the final judgment.
Accordingly, the final judgment and order are affirmed.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 13, 2018