Jadidian v Drucker (2019 NY Slip Op 03033)





Jadidian v Drucker


2019 NY Slip Op 03033


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-13161
 (Index No. 262/16)

[*1]Vahid Jadidian, etc., et al., respondents,
v
Arnold Drucker, etc., appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Mark K. Anesh and Conor V. McDonald of counsel), for appellant.
John Ciurcina, Garden City, NY (Lisa Solomon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for legal malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated September 29, 2016. The order denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs, who own certain commercial property in Queens, retained the defendant, an attorney, from 2009 until November 2014 to handle, inter alia, all matters relating to leasing the premises. In addition, in 2013 the defendant represented the plaintiffs in connection with an action commenced by the City of New York to abate a public nuisance(hereinafter the nuisance action). In October 2013, while the nuisance action was pending against the plaintiffs, the defendant negotiated and drafted a lease of the premises to the Hive Sports Bar and Grill, Inc. (hereinafter the Hive). The defendant did not disclose to representatives of the Hive that the premises were the subject of the ongoing nuisance action.
In May 2014, the defendant negotiated a stipulation of settlement with the City on behalf of the plaintiffs, resolving the nuisance action. In the stipulation of settlement, the plaintiffs agreed, among other things, that the premises would not be used for any type of cabaret or club. In November 2014, the City obtained a court order enjoining the use of the premises for any reason and directing that the premises be closed until further order of the court. The Hive, which had been operating a cabaret/club on the premises, commenced an action against the plaintiffs to recover damages, inter alia, for breach of the lease agreement and fraud, alleging that the plaintiffs leased the premises to the Hive knowing of its intended operations. The Hive alleged that the plaintiffs intentionally withheld disclosure of the nuisance action, in which the City had sought to enjoin any use of the premises for a period of one year, and that the premises were shut down in relation to the settlement of the nuisance action, causing the Hive to sustain monetary damages.
The plaintiffs settled the action commenced by the Hive, and then commenced this action against the defendant to recover damages for his alleged legal malpractice in the negotiation and drafting of the lease agreement with the Hive. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court denied the motion, and the [*2]defendant appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must afford the pleading a liberal construction, accept all facts as alleged to be true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88; Santaiti v Town of Ramapo, 162 AD3d 921, 924-925; Berlin v DeMarzo, 150 AD3d 1185). A cause of action to recover damages for legal malpractice requires proof that the defendant "failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession" and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages (McCoy v Feinman, 99 NY2d 295, 301 [internal quotation marks omitted]; see Dombrowski v Bulson, 19 NY3d 347, 350; Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442).
Here, accepting the facts alleged in the complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the complaint sufficiently alleges a cause of action to recover damages for legal malpractice. The complaint alleges that the defendant failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by failing to account for the potential outcome of the nuisance action on the use and occupancy of the premises and to protect the plaintiffs' interests in relation thereto. The complaint further alleges that the defendant's negligence proximately caused the plaintiffs to sustain actual and ascertainable damages in lost rent and in settling the action brought by the Hive, and thus, validly states a cause of action to recover damages for legal malpractice (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 443; Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 847; Wolstencroft v Sassower, 124 AD2d 582). Accordingly, we agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint.
Dismissal pursuant to CPLR 3211(a)(1) is warranted only if the documentary evidence "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Kolchins v Evolution Mkts., Inc., 31 NY3d 100, 106; Leon v Martinez, 84 NY2d at 88). Here, the documentary evidence submitted by the defendant failed to utterly refute the plaintiff's factual allegations. Accordingly, we also agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court