Louzon v Gentry Apts., Inc. (2021 NY Slip Op 00842)





Louzon v Gentry Apts., Inc.


2021 NY Slip Op 00842


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-04526
 (Index No. 507733/17)

[*1]Amit Louzon, etc., et al., respondents,
v
Gentry Apts., Inc., appellant, et al., defendants.


Braverman Greenspun, P.C., New York, NY (Scott S. Greenspun and Lauren Piechocki of counsel), for appellant.
Paula A. Miller, P.C., Smithtown, NY, for respondents.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to recover damages for breach of contract, the defendant Gentry Apts., Inc., appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated March 9, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the first through sixth causes of action of the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff East Fork Funding, LLC (hereinafter East Fork), was the high bidder at a public auction for a cooperative apartment in a building owned by the defendant Gentry Apts., Inc. (hereinafter Gentry). East Fork, by one of its members, and Gentry, by counsel, entered into a memorandum of sale for the purchase of the shares of stock and the proprietary lease allocated to the subject apartment, and East Fork submitted a down payment in the amount of $20,150. Subsequently, the defendant FirstService Residential New York, Inc. (hereinafter FirstService), Gentry's managing agent, informed East Fork that a limited liability company was ineligible to receive the shares of stock and the proprietary lease for the apartment, an aspect of the transaction that allegedly had not been previously communicated to East Fork. Upon the advice of FirstService that the bid would have to be assigned to an individual, East Fork assigned the bid to the plaintiff Amit Louzon, one of its members. Gentry, however, rejected Louzon's application for approval on the basis that East Fork had not secured Gentry's express written consent prior to executing the assignment, as required under the terms of sale of the auction, and Gentry eventually returned the down payment to East Fork.
The plaintiffs subsequently commenced this action, inter alia, for declaratory relief and to recover damages for breach of contract. Gentry moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against it. In an order dated March 9, 2018, the Supreme Court, among other things, denied those branches of Gentry's motion which were to dismiss the first through sixth causes of action of the complaint insofar as asserted against it. Gentry appeals.
On a motion to dismiss pursuant to CPLR 3211(a), the court "'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory'" (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63, quoting Sokoloff v Harriman Estates Dev. Corp., 96 [*2]NY2d 409, 414; see Leon v Martinez, 84 NY2d 83, 87-88). To prevail on a motion to dismiss pursuant to CPLR 3211(a)(1), a defendant must demonstrate that the proffered documentary evidence "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). In order for evidence submitted in support of a CPLR 3211(a)(1) motion to qualify as "documentary evidence," it must be "unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86; see Attias v Costiera, 120 AD3d 1281, 1282).
Moreover, "[w]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832).
Here, Gentry's documentary evidence did not utterly refute the plaintiffs' allegations or conclusively establish a defense as a matter of law (see CPLR 3211[a][1]). Moreover, the evidentiary materials submitted by Gentry did not, as a matter of law, resolve the parties' factual disputes such that it could be said that the allegations in the complaint were not facts at all (see CPLR 3211[a][7]). Accordingly, the Supreme Court properly denied those branches of Gentry's motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the first through sixth causes of action of the complaint insofar as asserted against it.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, A.P.J., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court