Recine v Recine (2022 NY Slip Op 00324)





Recine v Recine


2022 NY Slip Op 00324


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-02492
 (Index No. 605495/17)

[*1]John Recine, etc., respondent, 
v
Luciano Recine, et al., appellants, et al., defendants.


Fiscella & Associates, P.C., Garden City, NY (James B. Fiscella of counsel), for appellants.
Farley & Kessler, P.C., Jericho, NY (Richard L. Farley, Susan R. Nudelman, and Zara Watkins of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants Luciano Recine, Salimar Christina Recine, and Recine Properties, LLC, appeal from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 28, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to preliminarily enjoin the defendants Luciano Recine and Salimar Christina Recine from disbursing, transferring, encumbering, or assigning the proceeds from the sale of certain real property in any manner other than based on the subject operating agreement's directive concerning distributions, and denied the motion of the defendants Luciano Recine and Salimar Christina Recine pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the appeal by the defendant Recine Properties, LLC, is dismissed, as it is not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to preliminarily enjoin the defendants Luciano Recine and Salimar Christina Recine from disbursing, transferring, encumbering, or assigning the proceeds from the sale of certain real property in any manner other than based on the subject operating agreement's directive concerning distributions, and substituting therefor a provision denying that branch of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from by the defendants Luciano Recine and Salimar Christina Recine, without costs or disbursements.
The plaintiff, John Recine, and his siblings, the defendants Luciano Recine and Salimar Christina Recine (hereinafter together the Recine defendants), are the managing members of the defendant Recine Properties, LLC (hereinafter the company), which is a limited liability company formed for the purpose of acquiring, holding, and disposing of certain real property in Rockaway Beach. The plaintiff commenced this action, individually and derivatively, against the Recine defendants and the company, among others, to recover damages for breach of fiduciary duty, misappropriation and conversion, and unjust enrichment, and for an accounting, injunctive relief, [*2]and removal of the Recine defendants, the managing members. The plaintiff alleged that the Recine defendants sold the property, the company's sole asset, without his knowledge or consent, thereafter intended to divert or diverted a portion of the proceeds for the benefit of their separate business interests, and refused his requests for information and documentation regarding the sale and the disposition of the proceeds.
The plaintiff moved, inter alia, to preliminarily enjoin the transfer and use of the sale proceeds. The Recine defendants moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. By order entered December 28, 2017, the Supreme Court, inter alia, (1) granted that branch of the plaintiff's motion which was to preliminarily enjoin the Recine defendants from disbursing, transferring, encumbering, or assigning the net proceeds of the sale of the property in a manner other than distribution of an equal share to each member, pursuant to the operating agreement; and (2) denied the Recine defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. The Recine defendants appeal.
On a motion for a preliminary injunction, the movant has the burden of demonstrating that (1) the movant will likely succeed on the merits of the action, (2) the movant will suffer irreparable injury absent the issuance of a preliminary injunction, and (3) the balance of equities is in favor of the movant (see CPLR 6301; Berman v TRG Waterfront Lender, LLC, 181 AD3d 783, 785). Here, since monetary damages are an adequate remedy for the losses alleged, the plaintiff failed to demonstrate irreparable injury absent the granting of a preliminary injunction (see Berman v TRG Waterfront Lender, LLC, 181 AD3d at 785; Family-Friendly Media, Inc. v Recorder Tel. Network, 74 AD3d 738, 740). Moreover, contrary to the plaintiff's contention, the assets he seeks to restrain "are not specific funds which can be rightly regarded as 'the subject of the action'" (Leo v Levi, 304 AD2d 621, 623, quoting CPLR 6301; see Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 548; Winter v Brown, 49 AD3d 526, 529).
However, contrary to the Recine defendants' contention, the Supreme Court properly determined that the complaint was not subject to dismissal pursuant to CPLR 3211(a)(3) for lack of standing. Pursuant to Business Corporation Law § 626(c), which is applicable to members of New York limited liability companies (see Barone v Sowers, 128 AD3d 484, 484), a plaintiff shareholder must allege that he or she made efforts to secure initiation of the derivative action by managing members themselves or set forth the reasons for not making such effort (see Business Corporation Law § 626[c]; Mason-Mahon v Flint, 166 AD3d 754, 758). "Demand is futile, and excused, when the directors are incapable of making an impartial decision as to whether to bring suit" (Bansbach v Zinn, 1 NY3d 1, 9). "The plaintiff may satisfy this standard by alleging with particularity (1) that a majority of the board of directors is interested in the challenged transaction; or (2) that the board of directors did not fully inform themselves about the challenged transaction to the extent reasonably appropriate under the circumstances; or (3) that the challenged transaction was so egregious on its face that it could not have been the product of sound business judgment of the directors" (Mason-Mahon v Flint, 166 AD3d at 758; see Marx v Akers, 88 NY2d 189, 200-201). Here, the complaint alleges with particularity that the Recine defendants, who constituted a majority of the managing members, were interested in the challenged transaction, and a demand to initiate suit against themselves would have been futile (see Tsutsui v Barasch, 67 AD3d 896, 898; Hu v Ziming Shen, 57 AD3d 616, 618; Segal v Cooper, 49 AD3d 467, 468).
The Supreme Court also properly denied those branches of the Recine defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for breach of fiduciary duty, misappropriation and conversion, and unjust enrichment, and for an accounting.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is to be afforded a liberal construction, the court is to determine only whether the facts as alleged fit within any cognizable legal theory, and the facts pleaded are presumed to be true and are to be accorded every favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88; Louzon v Gentry Apts., Inc., 191 AD3d 776; Feggins v Marks, 171 AD3d 1014, 1015). Moreover, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (Leon v [*3]Martinez, 84 NY2d at 88; see Feggins v Marks, 171 AD3d at 1015). Where evidentiary materials are considered in support of a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the court must determine "whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832; see Berlin v DeMarzo, 150 AD3d 1185, 1185).
To prevail on a CPLR 3211(a)(1) motion to dismiss on the ground that the action is barred by documentary evidence, a defendant must demonstrate that the proffered documentary evidence "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Louzon v Gentry Apts., Inc., 191 AD3d 776).
Here, considering the allegations in the complaint, along with the plaintiff's affidavit, the complaint sufficiently alleged causes of action sounding in breach of fiduciary duty, misappropriation and conversion, and unjust enrichment, and for an accounting (see Berlin v DeMarzo, 150 AD3d at 1186). Moreover, the Recine defendants' documentary evidence did not utterly refute the plaintiff's allegations or conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326-327). Further, the evidentiary materials submitted by the Recine defendants "did not, as a matter of law, resolve the parties' factual disputes such that it could be said that the allegations in the complaint were not facts at all" (Louzon v Gentry Apts., Inc., 191 AD3d 776; see CPLR 3211[a][7]).
The Recine defendants' remaining contention is not properly before this Court.
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court