Hughes v Vento (2024 NY Slip Op 01910)

Hughes v Vento

2024 NY Slip Op 01910

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-04681
 (Index No. 152181/20)

[*1]Christopher Hughes, appellant, 
v
Peter Vento, et al., respondents.

The Law Offices of Robert E. Brown, P.C., Staten Island, NY, for appellant.
Crawford Bringslid Vander Neut, LLP, Staten Island, NY (Michael J. DeSantis of counsel), for respondent Peter Vento.
Leahey & Johnson, P.C., New York, NY (Peter James Johnson, Joanne Filiberti, and Christopher Delamere Clarke of counsel), for respondents Joseph Cocozello, New York Archdiocese, Blessed Sacrament School, and Catholic School Region of Staten Island.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated June 24, 2021. The order, insofar as appealed from, granted those branches of the motion of the defendant Peter Vento which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against him and granted those branches of the motion of the defendants Joseph Cocozello, New York Archdiocese, Blessed Sacrament School, and Catholic School Region of Staten Island which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against the defendant Joseph Cocozello.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, those branches of the motion of the defendant Peter Vento which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against him are denied, and those branches of the motion of the defendants Joseph Cocozello, New York Archdiocese, Blessed Sacrament School, and Catholic School Region of Staten Island which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against the defendant Joseph Cocozello are denied.
The plaintiff commenced this action, inter alia, to recover damages for abuse of process (second cause of action), false arrest (fifth cause of action), and malicious prosecution (sixth cause of action). The plaintiff alleged that the defendants made a false report to the police accusing him of a crime, which resulted in his arrest and suspension without pay from his employment at the Fire Department of the City of New York. The defendant Peter Vento and the defendants Joseph Cocozello, New York Archdiocese, Blessed Sacrament School, and Catholic School Region of Staten Island (hereinafter collectively the Cocozello defendants) separately moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against each of them. In an order [*2]dated June 24, 2021, the Supreme Court, inter alia, granted those branches of Vento's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against him and granted those branches of the Cocozello defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against Cocozello. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88; DeMarzo v DeMarzo, 150 AD3d 1202).
The elements of a cause of action alleging abuse of process are: "(1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective" (Curiano v Suozzi, 63 NY2d 113, 116). Here, accepting the facts as alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87), the amended complaint sufficiently alleged the elements of an abuse of process cause of action against Vento and Cocozello (see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404; Light v Light, 64 AD3d 633, 634).
"The elements of a cause of action alleging false imprisonment or false arrest are that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (Metwally v City of New York, 215 AD3d 820, 822 [internal quotation marks omitted]). "To be held liable for false arrest, [a civilian] defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his or her own volition" (Tueme v Lezama, 217 AD3d 715, 717 [internal quotation marks omitted]; see DeMarzo v DeMarzo, 150 AD3d at 1203). "'[O]ne who wrongfully accuses another of criminal conduct and induces or procures that person's arrest may be liable for false arrest'" (D'Elia v 58-35 Utopia Parkway Corp., 43 AD3d 976, 978, quoting Dunn v City of Syracuse, 83 AD2d 783, 783; see Wieder v Home Depot U.S.A., Inc., 208 AD3d 535, 538). Here, the amended complaint, viewed in the light most favorable to the plaintiff, alleged the elements of a false arrest cause of action against Vento and Cocozello sufficient to defeat those branches of the separate motions which were pursuant to CPLR 3211(a)(7) to dismiss that cause of action insofar as asserted against each of them. Contrary to the defendants' contention, the circumstances surrounding the dismissal of the underlying criminal action against the plaintiff were not inconsistent with the plaintiff's innocence (see Cantalino v Danner, 96 NY2d 391, 395; Smith-Hunter v Harvey, 95 NY2d 191, 196-197).
In order to recover damages for malicious prosecution, a plaintiff must establish "that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (Lupski v County of Nassau, 32 AD3d 997, 998 [internal quotation marks omitted]). To be held liable for malicious prosecution, it must be shown that the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (Mesiti v Wegman, 307 AD2d 339, 340 [internal quotation marks omitted]; see Light v Light, 64 AD3d at 634; D'Elia v 58-35 Utopia Parkway Corp., 43 AD3d at 978). Here, the amended complaint sufficiently alleged the elements of a malicious prosecution cause of action against Vento and Cocozello.
Accordingly, the Supreme Court should have denied those branches of Vento's motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against him, and should have denied those branches of the Cocozello defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the second, fifth, and sixth causes of action insofar as asserted against Cocozello.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court