■ CHARLES JONES, Appellant, v TYREE CURRY et al., Respondents. [755 NYS2d 904] —In an action to recover damages for defamation and negligent supervision, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Martin, J.), dated September 27, 2001, which, upon the granting of that branch of the defendants' application pursuant to CPLR 4401 which was for judgment as a matter of law in favor of the defendant Hempstead Public Schools, and upon a jury verdict in favor of the defendant Tyree Curry, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

"A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence * * * Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the fact-finders, who had the opportunity to see and hear the witness[es]" (*Voiclis v International Assn. of Machinist & Aerospace Workers Suffolk Lodge No. 1470,* 239 AD2d 339 [1997] [citations omitted]). A fair interpretation of the evidence supports the jury verdict in favor of the defendant Tyree Curry on the cause of action for defamation. Moreover, we reject the plaintiff's unpreserved contention that the jury's responses to the special interrogatories were internally inconsistent.

Finally, the Supreme Court properly granted that branch of the defendants' application pursuant to CPLR 4401 which was for judgment as a matter of law in favor of the defendant

Hempstead School District dismissing the cause of action for negligent supervision (*see Sato v Correa,* 272 AD2d 389 [2000]). Santucci, J.P., Friedmann, Luciano and Rivera, JJ., concur.