13-2092-cv
Wieder v. New York City Police Dep't, Home Depot USA Inc., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of  June  two thousand fourteen.

Present:        ROSEMARY S. POOLER,
                PETER W. HALL,
                SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

HOWARD L. WIEDER,

                        *Plaintiff-Counter-Defendant-Appellant*,

                -v-                                          13-2092-cv

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT,
Police Officer # JOSE RAMOS, Police Officer "JANE" ROSARIO, #2 (first names presently unknown), New York City Police "JOHN DOE #3", New York City Police "JOHN DOE #4", New York City Police "JOHN DOE #5 ", New York City Police "JOHN DOE #6", New York City Police "JOHN DOE #7", New York City Police "JOHN DOE #8", New York City Police "JOHN DOE #9", New York City Police "JOHN DOE #10" ("3" though "10" a fictitious name intended for the names of the New York City Police Department Police Officers whose names are presently unknown), HOME DEPOT U.S.A, INC., JOHN MARRUGO, and ALBERT ALBORANO,

                        *Defendants-Appellees,*

ROSARIO BERG, JOSE BERG,

                        *Defendants-Counter-Claimants-Appellees*.

_____

Appearing for Appellant:     Jason Leventhal, Leventhal & Klein, LLP, Brooklyn, N.Y.

Appearing for Appellees:     *For Defendants-Appellees Home Depot U.S.A.,Inc. and John Marrugo*: Rachel Nudel (Robert D. Lang, Stephen F. Willig, *on the brief*), D'Amato & Lynch, LLP, New York, N.Y.

*For Municipal Defendants-Appellees*: Drake A. Colley, of Counsel (Zachary W. Carter, Corporation Counsel of the City of New York; Edward F.X. Hart, of counsel, *on the brief*), New York, N.Y.

*For Berg Defendants-Appellees-Counter-Claimants*: Brian David Solomon, Staten Island, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Howard L. Wieder filed suit against defendants-appellees Home Depot U.S.A., Inc. and Home Depot's former employee John Marrugo (collectively, "Home Depot defendants"), defendants-appellees Jose and Rosario Berg (the "Berg defendants"), and the City of New York and NYPD Officers Ramos, Rosario, and Alborano, as well as several unnamed "John Doe" defendant-officers (collectively "City Defendants"), alleging false arrest, malicious prosecution, and failure to intervene under 42 U.S.C. § 1983, as well as several state law claims, all arising from a "spontaneous physical altercation" between Wieder and the Bergs at a Home Depot located in Flushing, Queens on August 12, 2008.

On April 29, 2013, the United States District Court for the Eastern District of New York (Kuntz, *J.*) granted defendants' respective motions for summary judgment, dismissing all of Wieder's federal claims and declining to exercise supplemental jurisdiction over the remaining state law claims. Judgment was entered on April 30, 2013. Plaintiff subsequently moved for relief under Rule 60, which the district court denied in an oral order entered on September 26, 2013. Plaintiff now appeals from the court's judgment and order dismissing his case, and from the court's denial of his motion for relief from judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo," to determine "whether genuine disputes over material fact exist . . . which should properly be submitted to a jury or whether, where no issues of material fact are found, the moving party is entitled to judgment as a matter of law." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). We review denials of Rule 60 motions for abuse of discretion. *See United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009).

Upon our independent review of the record, we affirm the rulings and judgment of the district court for substantially the same reasons set forth in its thorough and well-reasoned decision on defendants' motions for summary judgment. There was no error in the district

2

court's determination that the Home Depot defendants were not acting under color of state law, and that, accordingly, summary judgment was properly granted on the § 1983 claims against them. No factfinder could find Marrugo's actions so entwined with those of the City Defendants "that [Marrugo's] seemingly private behavior may be fairly treated as that of the State itself." *Tancredi v. Metropolitan Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (internal quotation marks omitted).[1]

As to claims against the City Defendants, Officer Ramos had sufficient probable cause to justify Wieder's arrest, which is fatal to his false arrest claim. *See Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). Though there were conflicting accounts of the physical altercation, "we have found probable cause where a police officer was presented with different stories from an alleged victim and the arrestee." *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). "Once a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or *eyewitness*." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (emphasis added) (internal quotation marks omitted). We find that this standard was satisfied here.

We also affirm the court's dismissal of the malicious prosecution claim. While probable cause could "dissipate" if the "groundless nature of the charge [were] made apparent by the discovery of some intervening fact," *Kinzer v. Jackson*, 316 F.3d 139, 144 (2d Cir. 2003) (internal quotation marks omitted), there is no evidence in the record to support an inference that the defendant-officers had any "intervening facts" at their disposal between the time of the arrest and the time plaintiff was formally charged a few hours later. Because the underlying constitutional claims were properly dismissed, we also affirm the district court's dismissal of plaintiff's failure to intervene claim. *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) ("A law enforcement officer has an affirmative duty to intercede on the behalf of a citizen whose constitutional rights are being violated in his presence by other officers.").

Finally, we find no abuse of discretion in the court's denial of plaintiff's Rule 60 motion, or in its treatment of Wieder's spoliation claims and motion for spoliation sanctions.

---

[1] For the same reasons, we affirm the district court's sua sponte dismissal of the federal claims brought against the Berg defendants.

We have considered Wieder's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk