16-2964-cv
*Roger Levans v. Delta Air Lines, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                     *Circuit Judges.*

---

ROGER LEVANS,

           *Plaintiff-Appellee,*                          16-2964-cv

           v.

DELTA AIR LINES, INC.,

           *Defendant-Appellant.*

---

**FOR PLAINTIFF-APPELLEE:**        Alexander T. Coleman, (Caitlin A. McNaughton, Michael J. Borrelli, *on the brief*), Borrelli & Associates, P.L.L.C., Great Neck, NY.


**FOR DEFENDANT-APPELLANT:**       Michael Crowley, (Brian P. Morrissey, *on the brief*), Connell Foley LLP, New York, NY.

1

Appeal from the judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Delta Air Lines, Inc. ("Delta") appeals the judgment of the district court. On that appeal Delta seeks review of the district court's denial of Delta's motion for judgment as a matter of law and the granting of Delta's motion for remittitur.

On appeal, Delta argues, among other things: (1) that Plaintiff failed to establish a *prima facie* case of negligence as a matter of law; (2) that the district court should not have allowed the case to go to the jury on a theory of *res ipsa loquitur* because Delta's contractor did not have sufficiently exclusive control over the luggage; (3) that the district court improperly instructed the jury on *res ipsa loquitur* and failed to instruct the jury that Delta could not be liable for criminal acts of its employees; (4) that certain news articles and deposition testimony were improperly admitted and that Plaintiff's counsel commented improperly during summation; and (5) that the district court did not sufficiently reduce the jury's award for pain and suffering, as reduced after Plaintiff's acceptance of remittitur, because it deviated materially from what would be reasonable compensation. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

For substantially the reasons set forth in the district court's thorough opinion, we hold these claims to be without merit. We have considered all of the arguments raised by Delta and, upon our independent review of the record, we hold that the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk