Wieder v Home Depot U.S.A., Inc. (2022 NY Slip Op 04830)

Wieder v Home Depot U.S.A., Inc.

2022 NY Slip Op 04830

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-07022
 (Index No. 8676/14)

[*1]Howard L. Wieder, respondent-appellant,
v
Home Depot U.S.A., Inc., et al., appellants-respondents, et al., defendants.

Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Nicholas Hurzeler, John Doody, and David Pollack of counsel), for appellants-respondents.
Brett H. Klein, Esq., PLLC (Sullivan Papain Block McGrath & Cannavo P.C., New York, NY [Brian J. Shoot], of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for malicious prosecution, battery, and false imprisonment, the defendants Home Depot U.S.A., Inc., and John Marrugo appeal, and the plaintiff cross-appeals, from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 2, 2019. The judgment, insofar as appealed from, upon a jury verdict on the issue of liability on the causes of action alleging battery and false imprisonment, and upon a jury verdict on the issue of damages awarding the plaintiff the principal sum of $1,800,000 for past pain and suffering relating to those causes of action, is in favor of the plaintiff and against those defendants in the principal sum of $1,800,000. The judgment, insofar as cross-appealed from, in effect, dismissed the cause of action alleging malicious prosecution and the purported cause of action alleging spoliation of evidence, and failed to award the plaintiff damages for lost earnings and punitive damages.
ORDERED that the judgment is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for past pain and suffering relating to the causes of action alleging battery and false imprisonment, unless, within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering from the principal sum of $1,800,000 to the principal sum of $500,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the judgment is affirmed insofar as cross-appealed from, without costs or disbursements.
On August 12, 2008, the plaintiff was arrested for assault in the third degree and harassment in the second degree based upon the report of the defendant John Marrugo, an employee of the defendant Home Depot, U.S.A., Inc. (hereinafter Home Depot), that the plaintiff struck a [*2]female customer at a Home Depot store. Subsequently, on September 23, 2008, the charges were dismissed. On August 5, 2009, the plaintiff commenced an action in the Supreme Court, Queens County, against, among others, Home Depot, Marrugo, the City of New York, and several police officers, asserting, inter alia, 42 USC § 1983 causes of action alleging false arrest and malicious prosecution. The action was removed to the United States District Court for the Eastern District of New York. In an order dated April 29, 2013, the District Court, inter alia, dismissed the federal claims against the City (see Wieder v City of New York, 2013 WL 1810751, *14, 2013 US Dist LEXIS 60890, *42 [ED NY, No. 09-CV-3914 (WFK) (VUP)], affd 569 Fed Appx 28 [2d Cir]). The District Court dismissed the remaining state law claims, as it declined to exercise supplemental jurisdiction over them (see 2013 WL 1810751, *14, 2013 US Dist LEXIS 60890, *43). Thereafter, on October 16, 2013, the plaintiff commenced the instant action in the Supreme Court, Kings County, against, among others, Home Depot and Marrugo (hereinafter together the defendants), alleging, inter alia, causes of action to recover damages for malicious prosecution, battery, and false imprisonment. A jury trial was held in February 2019.
At the trial, testimony was elicited that the plaintiff entered the Home Depot store just as two customers who had been asked to leave for engaging in an altercation with store personnel were leaving. After the two customers blocked the plaintiff's path and the female customer twice asked, "What the f- is your problem?" the plaintiff replied, "I'm just trying to get by you," and used the term " bitch." The plaintiff then felt a "huge bang" on the back of his skull, followed by punches to his arm, and heard "you called my wife a f-ing bitch." The plaintiff threw two punches back, striking the male customer. The female customer then pummeled the plaintiff with her fist and kicked him in the stomach, and he walked briskly away. The plaintiff was chased by the store security guard, Marrugo, who grabbed the plaintiff by the left arm and wedged him against a fence. Marrugo held the plaintiff for between 30 and 60 seconds, and said "Home Depot security. Don't move." The plaintiff testified that it was "impossible to break free."
A police car arrived at the scene, and Marrugo told the officer that the plaintiff hit a female customer in the store with a shopping cart. The plaintiff was handcuffed and placed in the patrol car. The plaintiff was taken to the police stationhouse and fingerprinted.
At the time of his arrest, the plaintiff was employed as a court attorney for a Supreme Court Justice in Queens County, and was pursuing a nomination to the judiciary. The next day, he was taken to the courthouse and arraigned in an undershirt and jogging shorts, on a complaint sworn to by the arresting officer based upon statements the female customer made to the officer. At trial, the plaintiff claimed that his arrest derailed his judicial nomination. A witness who was a member of the independent judicial election qualification commission testified that the plaintiff's arrest, which had to be disclosed on applications for the judiciary, was a "deal killer." On September 23, 2008, the charges were dismissed, and the record was sealed.
The jury, after a trial on the issue of liability, returned a verdict in favor of the plaintiff and against the defendants on the causes of action alleging battery and false imprisonment. The jury, after a trial on the issue of damages, awarded the plaintiff damages for past pain and suffering in the principal sum of $1,800,000 for a period in excess of 10 years. The defendants appeal, and the plaintiff cross-appeals.
The jury verdict on the issue of liability was not contrary to the weight of the evidence. A jury verdict is contrary to the weight of the credible evidence where the verdict could not have been reached "'under any fair interpretation of the evidence'" (409-411 Sixth St., LLC v Mogi, 22 NY3d 875, 876, quoting Claridge Gardens v Menotti, 160 AD2d 544, 545; see Nicastro v Park, 113 AD2d 129, 134). False arrest and false imprisonment are two different names for the same common-law tort (see Fischetti v City of New York, 199 AD3d 891, 892). The elements of the tort are intent to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged (see Holland v City of Poughkeepsie, 90 AD3d 841, 845). "Probable cause is a complete defense to an action alleging . . . false imprisonment" (Carlton v Nassau County Police Dept., 306 AD2d 365, 366).
Contrary to the defendants' contention, the determination in favor of the City and the police officers was not the law of the case with respect to the defendants' liability. The law of the case doctrine is a rule of practice that applies to legal determinations that were necessarily resolved on the merits in the prior decision, and to the same questions presented in the same case (see Ramanathan v Aharon, 109 AD3d 529, 530). Here, the District Court dismissed the complaint insofar as asserted against the City and the police officers on the ground that the police officers had probable cause to arrest the plaintiff based upon the information provided to them by Marrugo (see Wieder v City of New York, 2013 WL 1810751,*14, 2013 US Dist LEXIS 60890, *38-39). However, this case does not involve the same questions as were at issue in the federal action. The fact that the police had probable cause to detain the plaintiff based on what Marrugo told them does not mean that Marrugo had probable cause to detain the plaintiff. Although a civilian complainant generally cannot be found liable for false imprisonment merely for providing information to the police which turns out to be wrong (see Du Chateau v Metro-North Commuter R.R. Co., 253 AD2d 128, 131), a private person can be liable for false imprisonment for actively participating in the arrest such as "'importuning the authorities to act'" (Robles v City of New York, 104 AD3d 829, 830, quoting Du Chateau v Metro-North Commuter R.R. Co., 253 AD2d at 131; see Goldenberg v Capital One N.A., 186 AD3d 810, 810-811). The record indicates that the plaintiff would not have been arrested but for Marrugo's detention of him, and importuning the police to arrest him. Marrugo instigated the arrest, making the police his agents in confining the plaintiff (see Carrington v City of New York, 201 AD2d 525, 527). Marrugo did so based upon false information that the plaintiff assaulted the female customer with a shopping cart.
Further, battery is defined as "the unjustified touching of another person, without that person's consent, with the intent to cause a bodily contact that a reasonable person would find offensive" (Rivera v State of New York, 34 NY3d 383, 389). Marrugo's conduct satisfied those elements.
The Supreme Court properly instructed the jurors that they could draw an adverse inference against the defendants for failure to produce a videotape of the events, if it was established that the videotape existed, the defendants were in possession of it, the defendants did not offer a reasonable explanation for failing to produce it, and it would have been important to the jury's deliberations. The evidence indicated that the videotape in question existed and that Marrugo was asked to preserve it, but he claimed he was unable to do so because he was not trained on the system and it appeared to him that the equipment was damaged. The court, in issuing an adverse inference charge, instructed the jury on the standard for the negligent destruction of evidence, i.e., that the jury was required to find that the evidence was relevant (see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547, citing VOOM HD Holdings LLC v Echostar Satellite L.L.C., 93 AD3d 33, 45). Although the evidence in question would not directly establish what the police or Marrugo knew, it would establish what happened in the vestibule of the store, which would be relevant (see generally Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673; Lebron v Rite Aid Corp., 9 Misc 3d 137[A], 2005 NY Slip Op 51725[U] [App Term, 1st Dept]).
New York has "decline[d] to recognize spoliation of evidence as an independent tort claim" (Ortega v City of New York, 9 NY3d 69, 83; see Montagnino v Inamed Corp., 120 AD3d 1317, 1318). Therefore, contrary to the plaintiff's contention, he did not have an independent cause of action based upon spoliation of evidence.
Further, the plaintiff failed to prove a prima facie case against the defendants with respect to malicious prosecution. The elements of a cause of action sounding in malicious prosecution are (1) the commencement of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the proceeding, and (4) actual malice (see Broughton v State of New York, 37 NY2d 451, 457). The criminal proceeding here was instituted by the police officers, who, by the time the criminal proceeding was commenced, were using the female customer as their source of information.
Contrary to the plaintiff's contention, the defendants' failure to move to set aside the damages award in the Supreme Court as contrary to the weight of the evidence, or as excessive, does [*3]not preclude them from raising those issues on appeal (see Evans v New York City Tr. Auth., 179 AD3d 105, 111). The plaintiff was released at arraignment, so the confinement terminated at that juncture; the subsequent damages relate to the injury to the plaintiff's reputation and mental anguish from the arrest (see Williams v Moore, 197 AD2d 511, 514).
The plaintiff testified to his pain and anguish and the loss of his reputation arising from his arrest. The period of the plaintiff's confinement lasted overnight, he was brought into court as a criminal in a place where he was employed as a court attorney for a Supreme Court Justice in an undershirt and jogging shorts, and thereafter, he was obligated to reveal and explain his arrest which was predicated on him allegedly having assaulted a woman, which was apparently a "deal killer" in his quest for a position as a member of the judiciary. Thus, as was the plaintiff in Levans v Delta Airlines, Inc., so was this plaintiff "uniquely vulnerable to reputational harm" (Levans v Delta Airlines Inc., 2016 WL 9447211, *11, 2016 US Dist LEXIS 190991, *32 [ED NY, No. 12-CV-0773(NG) (VMS)], affd 691 Fed Appx 678 [2d Cir]).
However, the jury award for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see Levans v Delta Airlines Inc., 2016 WL 9447211, 2016 US Dist LEXIS 190991; Rodick v City of Schenectady, 856 F Supp 105, 110 [ND NY]).
Further, the plaintiff failed to establish that he was entitled to an award for lost earnings (see Gore v Cardany, 167 AD3d 851, 852-853), or punitive damages (see Loughry v Lincoln First Bank, 67 NY2d 369, 378; Guion v Associated Dry Goods Corp. [Lord & Taylor Div.], 43 NY2d 876, 877-878; see also Varriale v Saratoga Harness Racing, 76 AD2d 991, 992).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court