Tueme v Lezama (2023 NY Slip Op 03036)

Tueme v Lezama

2023 NY Slip Op 03036

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04873
 (Index No. 65821/19)

[*1]Jesus Tueme, respondent, 
v
Janet P. Lezama, defendant, Dana Navins, et al., appellants.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry and J. Patrick Carley III of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendants Dana Navins and Kass & Navins, PLLC, appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated April 28, 2020. The order, insofar as appealed from, denied the motion of the defendants Dana Navins and Kass & Navins, PLLC, pursuant to CPLR 3211(a), in effect, to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Dana Navins and Kass & Navins, PLLC, pursuant to CPLR 3211(a), in effect, to dismiss the amended complaint insofar as asserted against them is granted.
The plaintiff and the defendant Janet P. Lezama were married in 1990. In 2016, Lezama commenced an action for a divorce and ancillary relief (hereinafter the divorce action) in which she was represented by the defendants Dana Navins and Kass & Navins, PLLC (hereinafter together the attorney defendants). After the divorce was finalized, the plaintiff commenced this action against Lezama and the attorney defendants to recover damages for false arrest, malicious prosecution, negligent infliction of emotional distress, and violation of Judiciary Law § 487 based on allegations that the defendants concocted a "plan" to obtain a divorce against the plaintiff and obtain an excessive "financial settlement." Among other things, the plaintiff alleged that, as part of this plan, Lezama made false allegations of child abuse and criminal conduct against the plaintiff.
The attorney defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint insofar as asserted against them. Together with his opposition to the motion, the plaintiff served an amended complaint, which replaced the cause of action to recover damages for negligent infliction of emotional distress with a cause of action to recover damages for intentional infliction of emotional distress. The attorney defendants, in effect, elected to apply their motion to the amended complaint. The Supreme Court considered the attorney defendants' motion as directed against the amended complaint, and denied the motion. The attorney defendants appeal.
Initially, we note that since the attorney defendants, in effect, elected to apply their motion to dismiss to the amended complaint, which superseded the original complaint, the Supreme Court properly considered the motion as directed against the amended complaint (see Rodriguez v Dickard Widder Indus., 150 AD3d 1169, 1170; Sobel v Ansanelli, 98 AD3d 1020, 1022; Sage Realty Corp. v Proskauer Rose, 251 AD2d 35, 38).
The Supreme Court properly determined that the amended complaint insofar as asserted against the attorney defendants was not subject to dismissal pursuant to CPLR 3211(a)(1). [*2]To the extent that the evidence submitted by the attorney defendants constituted documentary evidence within the meaning of CPLR 3211(a)(1), such evidence failed to utterly refute the allegations of the amended complaint and did not conclusively establish a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Louzon v Gentry Apts., Inc., 191 AD3d 776; Abdulayev v Yadgarov, 105 AD3d 877, 878).
However, the Supreme Court erred in determining that the amended complaint insofar as asserted against the attorney defendants was not subject to dismissal pursuant to CPLR 3211(a)(7). On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, the court must accept the facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87; Vice, Inc. v Stapp, 209 AD3d 794, 796). The elements of a cause of action alleging false arrest are "that the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged" (Luers v City of New York, 205 AD3d 898, 899 [internal quotation marks omitted]; see Martinez v City of Schenectady, 97 NY2d 78, 85). In order to recover for malicious prosecution, a plaintiff must establish "that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (Lupski v County of Nassau, 32 AD3d 997, 998 [internal quotation marks omitted]; see Goldenberg v Capital One N.A., 186 AD3d 810, 811).
A civilian defendant who merely provides information to law enforcement authorities, who are free to exercise their own independent judgment as to whether to make an arrest and file criminal charges, will not be held liable for false arrest or malicious prosecution (see Williston v Jack Resnick & Sons, Inc., 177 AD3d 822, 823; Williams v CVS Pharmacy, Inc., 126 AD3d 890, 892; Johnson v Follett Higher Educ. Group, Inc., 113 AD3d 819, 820). "To be held liable for false arrest, [a civilian] defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his or her own volition" (Williams v CVS Pharmacy, Inc., 126 AD3d at 892 [alterations and internal quotation marks omitted]; see Leviev v Bebe Stores, Inc., 85 AD3d 736, 736-737). Similarly, to be held liable for malicious prosecution, it must be shown that the defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act (see Williston v Jack Resnick & Sons, Inc., 177 AD3d at 823; Williams v CVS Pharmacy, Inc., 126 AD3d at 892). "Merely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney" (Williams v CVS Pharmacy, Inc., 126 AD3d at 892 [internal quotation marks omitted]; see Williston v Jack Resnick & Sons, Inc., 177 AD3d at 823).
Here, the amended complaint includes allegations that Lezama employed the attorney defendants "to strategize a plan against the plaintiff to obtain a divorce against [him] while obtaining a financial settlement in excess of what would have been appropriate under the facts of this case." Pursuant to this alleged plan, on multiple occasions, Lezama knowingly provided false information to law enforcement officials. Even if the allegations in the amended complaint, if proven, would establish that Lezama intentionally provided law enforcement officials with information that she knew or should have known to be false (see e.g. DeMarzo v DeMarzo, 150 AD3d 1202, 1203), the allegations that Lezama was acting pursuant to a plan she made with the attorney defendants were insufficient to establish the attorney defendants' liability. The allegations against the attorney defendants failed to set forth that they "affirmatively induced" law enforcement to act, as required for a false arrest claim against a civilian defendant, and failed to set forth that they played an active role in the prosecution, as required for a malicious prosecution claim against a civilian defendant (see Williams v CVS Pharmacy, Inc., 126 AD3d at 892; cf. DeMarzo v DeMarzo, 150 AD3d 1202, 1203). Accordingly, the Supreme Court should have granted those branches of the attorney defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for false arrest and malicious prosecution insofar as asserted against them.
Further, the Supreme Court erred in denying those branches of the attorney defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action to recover damages for intentional infliction of emotional distress and violation of Judiciary Law § 487 insofar [*3]as asserted against them. With respect to the intentional infliction of emotional distress cause of action, the improper conduct alleged was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Howell v New York Post Co., 81 NY2d 115, 122 [internal quotation marks omitted]; see Matthaus v Hadjedj, 148 AD3d 425, 425-426; Zapata v Tufenkjian, 123 AD3d 814, 816). With respect to the Judiciary Law § 487 cause of action, the plaintiff failed to allege with specificity any material misstatements of fact made by the attorney defendants in the divorce action with the intent to deceive that court (see Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 178; see also Looff v Lawton, 97 NY 478, 482). Moreover, to the extent the plaintiff alleged that Navins gave false testimony as a witness in a criminal case against him, such an allegation cannot properly form the basis of a Judiciary Law § 487 cause of action (see generally Altman v DiPreta, 204 AD3d 965, 969).
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court