Nemeroff v Hamptons Little Neck, LLC (2024 NY Slip Op 03435)

Nemeroff v Hamptons Little Neck, LLC

2024 NY Slip Op 03435

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-02368
 (Index No. 625232/18)

[*1]Eileen Nemeroff, appellant, 
v
Hamptons Little Neck, LLC, et al., defendants, Kenilworth Equities, Ltd., et al., respondents.

Osborn Law, P.C., New York, NY (Daniel A. Osborn of counsel), for appellant.
Robert L. Hartford, Getzville, NY (Jennifer V. Schiffmacher and Stephen Donnelly of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 25, 2022. The order, insofar as appealed from, granted the motion of the defendants Kenilworth Equities, Ltd., and Pond Crossing at Southampton Condominium Association pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff owned a condominium unit in a neighborhood located in the Town of Southampton. The condominium unit is part of the defendant Pond Crossing at Southampton Condominium Association (hereinafter Pond Crossing), which is managed by the defendant Kenilworth Equities, Ltd. (hereinafter Kenilworth, and together with Pond Crossing, the defendants). In February 2016, the plaintiff's unit was flooded when two pipes burst. The plaintiff and the defendants retained adjusters to assess the damage to the plaintiff's unit, which resulted in differing estimates of the repairs. Pond Crossing eventually settled the claim with the insurance company for $141,101.85, which was less than half of the estimate provided by the plaintiff's adjuster.
The plaintiff commenced this action against, among others, the defendants and Dina M. Bean, a principal of Kenilworth and member of the Board of Managers of Pond Crossing. The plaintiff alleged, inter alia, that the defendants and Bean owed her a fiduciary duty that they breached by failing to protect her interests in negotiating her insurance claims after her unit flooded.
In an order dated October 10, 2019, the Supreme Court, inter alia, granted Bean's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, finding, among other things, that Bean, acting as a principal of Kenilworth, did not owe the plaintiff, an individual unit owner, a fiduciary duty and that Bean was protected by the business judgment rule (hereinafter the October 2019 order).
The defendants subsequently moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. In support of the motion, the defendants contended, inter [*2]alia, that the complaint, alleging breach of fiduciary duty, must be dismissed insofar as asserted against them, as the Supreme Court's determination in the October 2019 order, that Bean owed the plaintiff no fiduciary duty, constituted the law of the case. In opposition, the plaintiff contended that the October 2019 order did not address the breach of fiduciary duty cause of action with regard to the defendants. In an order dated February 25, 2022, the court, among other things, granted the defendants' motion. The plaintiff appeals.
The doctrine of the law of the case applies to "legal determinations that were necessarily resolved on the merits in the prior decision, and to the same questions presented in the same case" (Wieder v Home Depot U.S.A., Inc., 208 AD3d 535, 538; see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 152-153), and where the parties had a "'full and fair opportunity to litigate the initial determination'" (Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841, quoting Sterngass v Town Bd. of Town of Clarkstown, 43 AD3d 1037, 1037). Contrary to the determination of the Supreme Court, the October 2019 order did not necessarily resolve the issue of whether the complaint should be dismissed insofar as asserted against the defendants, as the parties did not have an opportunity to fully litigate that issue (see Ramanathan v Aharon, 109 AD3d 529, 530-531). In any event, this Court is not bound by the doctrine of law of the case and may make its own determinations as to whether the complaint should be dismissed insofar as asserted against the defendants (see Fidler v Gordon-Herricks Corp., 173 AD3d at 841).
Nevertheless, we affirm the February 25, 2022 order granting the defendants' motion to dismiss the complaint insofar as asserted against them, albeit on alternate grounds. "In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Fough v August Aichhorn Ctr. for Adolescent Residential Care, Inc., 139 AD3d 665, 666). Here, the plaintiff alleged that the defendants breached their fiduciary duty to her by failing to adequately represent her in insurance negotiations. However, Kenilworth, as a managing agent, did not owe a fiduciary duty to the plaintiff, as its duty was to the condominium entity, not to individual owners (see Caprer v Nussbaum, 36 AD3d 176, 192). Furthermore, Pond Crossing was working within the scope of the bylaws of the condominium association when it negotiated the settlement of the plaintiff's claim and was thus protected by the business judgment rule (see Katz v Board of Mgrs. of Stirling Cove Condominium Assn., 201 AD3d 634, 636). As the plaintiff failed to allege or evince any facts that would support a finding that Pond Crossing acted without authority or in bad faith, her allegations were insufficient to overcome the business judgment rule (see Young v 101 Old Mamaroneck Rd. Owners Corp., 211 AD3d 771, 775). Accordingly, the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them was properly granted.
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court