Lloyd v Lloyd (2025 NY Slip Op 04776)

Lloyd v Lloyd

2025 NY Slip Op 04776

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-06042
 (Index No. 14818/99)

[*1]Phyllis Lloyd, plaintiff-appellant, Eve M. Lloyd, plaintiff-respondent, 
v
Joseph Lloyd, defendant, David Headley, defendant-respondent; Keith B. Lloyd, et al., proposed intervenors-appellants.

Ornest Law Associates PLLC, New York, NY (Lisa Ornest of counsel), for proposed intervenors-appellants.
Lemery Greiesler, LLC, New York, NY (Susan Nixon of counsel), for plaintiff-respondent, and Seyfarth Shaw LLP, New York, NY (Ellen M. Murphy of counsel), for defendant-respondent (one brief filed).

DECISION & ORDER
In an action, inter alia, for declaratory relief, the proposed intervenors Keith B. Lloyd and Bernard Lloyd, and purportedly the plaintiff Phyllis Lloyd, appeal from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated May 25, 2022. The order denied the motion of the proposed intervenors Keith B. Lloyd and Bernard Lloyd to compel the defendant David Headley to execute a deed conveying certain real property to the estate of Phyllis Lloyd, to substitute the estate of Phyllis Lloyd and/or Keith B. Lloyd and Bernard Lloyd, as co-executors of the estate of Phyllis Lloyd, for the plaintiff Phyllis Lloyd, for leave to intervene in the action, and for a money judgment against the defendant David Headley in the amount of $35,000.
ORDERED that the purported appeal by the plaintiff Phyllis Lloyd is dismissed on the ground that the attorney who filed a notice of appeal for the deceased plaintiff, Phyllis Lloyd, lacked authority to act on her behalf; and it is further,
ORDERED that the order is affirmed on the appeal by the proposed intervenors Keith B. Lloyd and Bernard Lloyd; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Eve M. Lloyd and the defendant David Headley.
In 1999, Phyllis Lloyd and her daughter, Eve M. Lloyd, commenced this action against one of Phyllis's sons, Joseph Lloyd, and Eve's son, David Headley, concerning a dispute over the ownership of certain properties. On January 7, 2002, the action settled on the record. On June 12, 2002, Phyllis died.
In 2020, the proposed intervenors, Keith B. Lloyd and Bernard Lloyd, who are sons of Phyllis and co-executors of her estate, moved, in what was labeled a contempt motion against Headley, for certain relief, including to substitute Keith and Bernard, as co-executors of Phyllis's [*2]estate, for Phyllis, to compel Headley to execute a deed conveying certain real property that was the subject of the settlement to Phyllis's estate (hereinafter the subject property), and for a money judgment against Headley in the amount of $35,000 (hereinafter the first motion). In an order dated December 7, 2021, the Supreme Court denied the first motion.
Keith and Bernard subsequently moved to compel Headley to execute a deed conveying the subject property to Phyllis's estate, to substitute Phyllis's estate and/or Keith and Bernard, as co-executors of Phyllis's estate, for Phyllis, for leave to intervene in the action, and for a money judgment against Headley in the amount of $35,000 (hereinafter the second motion). In an order dated May 25, 2022, the Supreme Court denied those branches of the second motion which were to compel Headley to execute a deed conveying the subject property to Phyllis's estate, to substitute Phyllis's estate and/or Keith and Bernard, as co-executors of Phyllis's estate, for Phyllis, and for a money judgment against Headley in the amount of $35,000 on the ground that this relief was denied in the order dated December 7, 2021, determining the first motion. The court denied that branch of the second motion which was for leave to intervene on a separate basis. This appeal ensued.
The purported appeal by Phyllis, the deceased plaintiff, must be dismissed, as the attorney who filed the notice of appeal listing her as an appellant did not have the authority to appeal on her behalf (see Lee v Leeds, Morelli & Brown, P.C., 233 AD3d 1072, 1076).
Eve and Headley contend that the denial of the first motion precluded the determination of the second motion on the merits. The doctrine of the law of the case applies to "legal determinations that were necessarily resolved on the merits in the prior decision, and to the same questions presented in the same case" (Wieder v Home Depot U.S.A., Inc., 208 AD3d 535, 538; see Matter of B.Z. Chiropractic, P.C. v Allstate Ins. Co., 197 AD3d 144, 152-153), and where the parties had a "'full and fair opportunity to litigate the initial determination'" (Fidler v Gordon-Herricks Corp., 173 AD3d 840, 841, quoting Sterngass v Town Bd. of Town of Clarkstown, 43 AD3d 1037, 1037; see Nemeroff v Hamptons Little Neck, LLC, 228 AD3d 877, 878). "When a trial justice executes an order which is jurisdictionally valid, that order becomes the law of the case which may be undone only by appellate review and reversal, or by application to reargue or renew or to vacate made to the ordering judge" (Saxon Mtge. Servs., Inc. v Reynoso, 232 AD3d 642, 643 [alteration and internal quotation marks omitted]). Here, those branches of the second motion which were to compel Headley to execute a deed conveying the subject property to Phyllis's estate, to substitute Phyllis's estate and/or Keith and Bernard, as co-executors of Phyllis's estate, for Phyllis, and for a money judgment against Headley in the amount of $35,000, were decided in the order dated December 7, 2021, determining the first motion and, accordingly, were barred by the law of the case doctrine.
Although this Court is not bound by the Supreme Court's order dated December 7, 2021, denying the first motion, there is no occasion to disturb that prior determination (see Moshers-Simons v County of Allegany, 99 NY2d 214, 218; Saxon Mtge. Servs., Inc. v Reynoso, 232 AD3d at 643).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court