Bisogno v Libertella (2026 NY Slip Op 01334)

Bisogno v Libertella

2026 NY Slip Op 01334

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-02959
2023-02998
2023-04625
 (Index No. 150281/13)

[*1]Patrick F. Bisogno, respondent, 
vJohn Libertella, et al., appellants.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellants.
Tracy & Stilwell, P.C., Staten Island, NY (Elizabeth Mark Meyerson of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation per se, false arrest, and malicious prosecution, the defendants appeal from (1) a judgment of the Supreme Court, Richmond County (Ronald Castorina, Jr., J.), dated March 14, 2023, (2) an order of the same court also dated March 14, 2023, and (3) a judgment of the same court entered March 30, 2023. The judgment dated March 14, 2023, upon a jury verdict, is in favor of the plaintiff and against the defendants in the principal sums of $10,000,000 for compensatory damages and $250,000 for punitive damages. The order denied the defendants' motion pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law dismissing the amended complaint, or to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or to set aside, as excessive, the jury verdict on the issue of damages and for a new trial on the issue of damages. The judgment entered March 30, 2023, upon the jury verdict and the order, is in favor of the plaintiff and against the defendants in the principal sum of $10,000,000 for compensatory damages and against the defendant John Libertella in the principal sum of $250,000 for punitive damages.
ORDERED that the appeal from the judgment dated March 14, 2023, is dismissed, without costs or disbursements, as the judgment dated March 14, 2023, was superseded by the judgment entered March 30, 2023; and it is further,
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the judgment entered March 30, 2023, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside, as excessive, the jury verdict on the issue of damages and for a new trial on the issue of damages is granted, the order is modified accordingly, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of damages and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff serves [*2]and files in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the award of damages for compensatory damages from the principal sum of $10,000,000 to the principal sum of $400,000 and for punitive damages from the principal sum of $250,000 to the principal sum of $100,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment entered March 30, 2023, as so reduced and amended, is affirmed, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment on March 30, 2023, in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from that judgment (see CPLR 5501[a][1]).
On May 9, 2013, the plaintiff and the defendants appeared for a hearing in the Family Court, Richmond County, relating to a child support proceeding between the defendant John Libertella (hereinafter John) and his former wife. The plaintiff, a lawyer, appeared on behalf of his sister-in-law, John's former wife. John was accompanied by his father, the defendant Giovanni Libertella. As the parties left the hearing, they were involved in a verbal altercation, which John video-recorded on his phone. The defendants told a court officer that the plaintiff punched John in the face and that John wanted the police called. The police were called, and the plaintiff was arrested.
In November 2013, the District Attorney's office dismissed the charges against the plaintiff. Multiple news outlets reported on the altercation and the plaintiff's subsequent arrest.
The plaintiff commenced this action against the defendants asserting, inter alia, causes of action sounding in defamation per se, false arrest, and malicious prosecution. After a trial, the jury returned a verdict in favor of the plaintiff and against both defendants on the cause of action alleging defamation per se and against John on the causes of action alleging false arrest and malicious prosecution. The defendants then moved pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law dismissing the amended complaint, or to set aside the verdict as contrary to the weight of the evidence and for a new trial, or to set aside, as excessive, the verdict on the issue of damages and for a new trial on the issue of damages. The Supreme Court denied the defendants' motion, and a judgment was entered on March 30, 2023, in favor of the plaintiff and against the defendants in the principal sum of $10,000,000 for compensatory damages, and against John in the principal sum of $250,000 for punitive damages. The defendants appeal.
"Judgment as a matter of law may be granted only when . . . there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Angeles v County of Suffolk, 222 AD3d 923, 925 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556). "The successful party must be afforded 'every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the' successful party" (Angeles v County of Suffolk, 222 AD3d at 925, quoting Feldman v Knack, 170 AD3d 667, 669).
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Casanova v Aaron B. Chevrolet Co., Inc., 211 AD3d 1008, 1009; see Lolik v Big V Supermarkets, 86 NY2d 744, 745).
The elements of a cause of action to recover damages for defamation are "'(1) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (2) published without privilege or authorization to a third party, (3) amounting to fault as judged by, at a minimum, a negligence standard, and (4) either causing special [damages] or constituting defamation per se'" (Fernandes v Fernandes, 235 AD3d 724, 725, quoting Laguerre v Maurice, 192 AD3d 44, 50). "Special damages need not be alleged or proven if a plaintiff can establish that the alleged defamatory statements constitute defamation per se" (id.). A statement is defamatory per se [*3]if it "(1) charges the plaintiff with a serious crime; (2) tends to injure the plaintiff in her or his trade, business or profession; (3) imputes to the plaintiff a loathsome disease; or (4) imputes unchastity to a woman" (Kasavana v Vela, 172 AD3d 1042, 1044; see Laguerre v Maurice, 192 AD3d at 50). "When statements fall within one of these categories, the law presumes that damages will result, and they need not be alleged or proven" (Laguerre v Maurice, 192 AD3d at 50 [internal quotation marks omitted]).
Here, based on the evidence adduced by the plaintiff at trial, there was a valid line of reasoning and permissible inferences from which the jury could have concluded that the statements made by the defendants were defamatory per se, because they falsely accused the plaintiff of a serious crime, attempted assault (see Geraci v Probst, 15 NY3d 336, 344-345; Whelan v Cuomo, 220 AD3d 979, 982). Moreover, the jury verdict was supported by a fair interpretation of the evidence (see Jones v Curry, 303 AD2d 461, 461).
The elements of a cause of action alleging false arrest are "intent to confine the plaintiff, the plaintiff was conscious of the confinement, the plaintiff did not consent to the confinement, and the confinement was not otherwise privileged" (Wieder v Home Depot U.S.A., Inc., 208 AD3d 535, 537; see Hughes v Vento, 226 AD3d 753, 754-755). "To be held liable for false arrest, a [civilian] defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his or her own volition" (Hughes v Vento, 226 AD3d at 755 [internal quotation marks omitted]). "[O]ne who wrongfully accuses another of criminal conduct and induces or procures that person's arrest may be liable for false arrest" (id. [internal quotation marks omitted]; see Wieder v Home Depot U.S.A., Inc., 208 AD3d at 538).
In order to recover damages for malicious prosecution, a plaintiff must establish "that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (Hughes v Vento, 226 AD3d at 755 [internal quotation marks omitted]; see Wieder v Home Depot U.S.A., Inc., 208 AD3d at 539). "A civilian defendant who merely provides information to law enforcement authorities, who are free to exercise their own independent judgment as to whether to make an arrest and file criminal charges, will not be held liable for false arrest or malicious prosecution" (Tueme v Lezama, 217 AD3d 715, 717). "[T]o be held liable for malicious prosecution, it must be shown that the defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (id.). "Merely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or the District Attorney" (id. [internal quotation marks omitted]).
Here, the record demonstrated that the plaintiff would not have been arrested but for the defendants' false statements that the plaintiff had punched John, as well as John's statements importuning the police to arrest the plaintiff. John instigated the arrest, making the police his agents in confining the plaintiff, based upon false information that the plaintiff had assaulted him (see Wieder v Home Depot U.S.A., Inc., 208 AD3d at 538). Furthermore, the criminal proceeding was instituted by the District Attorney based upon, among other things, false information given by John (see Tueme v Lezama, 217 AD3d at 717; cf. Wieder v Home Depot U.S.A., Inc., 208 AD3d at 538).
A jury's determination on damages "will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Fuentes v Ingram, 235 AD3d 850, 852 [internal quotation marks omitted]; see CPLR 5501[c]). Here, the plaintiff and his wife testified to the pain and anguish that the experience had on the plaintiff, and the plaintiff, his business partner, and a colleague testified to the impact that the experience of a diminished reputation had on the plaintiff. As was the plaintiff in Wieder v Home Depot U.S.A., Inc., so was this plaintiff "uniquely vulnerable to reputational harm" (Wieder v Home Depot U.S.A., Inc., 208 AD3d at 540 [internal quotation marks omitted]; see Levans v Delta Airlines, Inc., 2016 WL 9447211, *11, 2016 US Dist LEXIS 190991, *32 [ED NY, No. 12-CV-0773 (NG) (VMS)], affd 691 Fed Appx 678 [2d Cir]).
Furthermore, "[p]unitive damages [may be] awarded in tort actions where the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage frequently associated with crime" (Prozeralik v Capital Cities Communications, 82 NY2d 466, 479 [alteration and internal quotation marks omitted]). "[A]lthough punitive damages may be awarded on proof of actual malice, the party who made the defamatory statement and/or publication may prove good faith and the absence of malice by establishing he or she had a reasonable belief that his or her statement and/or publication was true" (Gatz v Otis Ford, 274 AD2d 449, 450). Contrary to the defendants' contention, the record supports the jury's determination that John's conduct warranted the imposition of punitive damages against him (see D'Elia v 58-35 Utopia Parkway Corp., 43 AD3d 976, 979).
However, to the extent indicated herein, the jury award for compensatory damages deviated materially from what would be reasonable compensation (see CPLR 5501[c]; Wieder v Home Depot U.S.A., Inc., 208 AD3d at 540; Grieco v Galasso, 297 AD2d 659, 661), and the award of punitive damages was excessive (see Grieco v Galasso, 297 AD2d at 661).
The defendants' remaining contentions are either unpreserved for appellate review or without merit.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court